**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JENNIFER SENECAL,**

                                   **Plaintiff,**

        **vs.**                                              **1:12-CV-487**
                                                             **(MAD/RFT)**

**B.G. LENDERS SERVICE LLC; KEENA**
**STAFFING, INC; and BRIAN GRANGER**

                                   **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**LAW OFFICES OF ANTHONY J.**              **ANTHONY J. COLLELUORI, ESQ.**
**COLLELUORI & ASSOCIATES, PLLC**
6800 Jericho Turnpike, Suite 208E
Syosset, New York 11791
Attorneys for Plaintiff


**BERGER & KERNAN, PC**                    **JOSEPH C. BERGER, ESQ.**
10 Maxwell Drive
Suite 101
Clifton Park, New York 12065
Attorneys for Defendants B.G. Lenders
Service, LLC and Brian Granger


**BOND, SCHOENECK & KING, PLLC**           **NICHOLAS J. D'AMBROSIO, JR., ESQ.**
111 Washington Avenue
Albany, New York 12210
Attorneys for Defendant Keena Staffing, Inc.


**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Jennifer Senecal is a former employee of Defendant B.G. Lenders Service[1] ("B.G.

---

[1] Defendant B.G. Lenders Service, LLC was incorrectly sued as "B.G. Lender Services."

Lenders"). Defendant B.G. Lenders had a contract with Defendant Keena Staffing, Inc.

("Keena") by which Defendant Keena served as Defendant B.G. Lenders' Professional Employer

Organization. This arrangement involved a specific delegation of payroll, human resources, and

other duties between Defendants, which were considered co-employers.

Plaintiff alleges that while working for Defendant B.G. Lenders, she was sexually

harassed by its owner, Defendant Brian Granger. When Plaintiff complained of the alleged

sexual harassment, her employment with Defendant B.G. Lenders was terminated. Plaintiff filed

a charge with the Equal Opportunity Employment Commission ("EEOC") against Defendant B.G.

Lenders. Approximately nine months later, Plaintiff filed an amended EEOC charge against both

Defendant B.G. Lenders and Defendant Keena. The EEOC eventually determined that reasonable

cause supported Plaintiff's claims. After an unsuccessful period of voluntary conciliation, the

EEOC notified Plaintiff of her right to sue, and she subsequently brought Title VII and New York

Human Rights Law ("NYHRL") claims against Defendants.

Defendants B.G. Lenders and Granger have moved for summary judgment dismissing all

of Plaintiff's claims against them. *See* Dkt. No. 73. First, Defendant B.G. Lenders argues that

Plaintiff's Title VII claims against it must be dismissed because it is not a covered "employer"

under Title VII. Specifically, B.G. Lenders contends that it did not employ fifteen or more

employees at any time during the relevant period. Second, Defendant Granger separately argues

that Plaintiff's Title VII claims against him must be dismissed because individuals may not be

held personally liable under Title VII. Plaintiff does not oppose this aspect of Granger's motion.

Last, Defendants B.G. Lenders and Granger jointly move for dismissal of Plaintiff's NYHRL

claims as time-barred.

For the reasons set forth below, the Court finds that genuine issues of material fact

preclude summary judgment on Plaintiff's Title VII claim against Defendant B.G. Lenders with respect its status as a covered "employer."  The Court grants Defendant Granger's unopposed motion for summary judgment on Plaintiff's Title VII claims against him.  As to Plaintiff's NYHRL claims, the Court adheres to the law-of-the case, as set forth in its prior Memorandum-Decision and Order, *see* Dkt. No. 82, and finds that those claims are timely.

Accordingly, the Court grants in part and denies in part Defendants B.G. Lenders' and Granger's summary judgment motion and allows Plaintiff's Title VII and NYHRL sexual harassment claims to proceed to trial.

## II. BACKGROUND

The Court assumes the parties' familiarity with the background of this case, as detailed in the Court's September 30, 2013, Memorandum-Decision and Order, Dkt. No. 82, and will only discuss those allegations and facts relevant to disposition of the pending motion.

## III. DISCUSSION

**A.     Summary Judgment Standard**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted).  When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Moreover, it is well-settled that a party opposing a motion for

summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson*, 477 U.S. at 255) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts"). Even though additional concerns must be kept in mind, summary judgment in employment discrimination cases is by no means forbidden. "Summary judgment applies no less to Title VII cases and 'is still fully appropriate, indeed mandated, when the evidence is insufficient to support the non-moving party's case.'" *DeWitt v. Lieberman*, 48 F. Supp. 2d 280, 287 (S.D.N.Y. 1999) (quoting *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 61 (2d Cir. 1998)); *see also Gallo v. Prudential Residential Servs., Ltd. Pshp.*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citations omitted).

**B.     Title VII Claims**

### 1. *Title VII "Employer"*

Defendant B.G. Lenders argues that Plaintiff's Title VII claims should be dismissed because it is not an "employer" as that term is defined under Title VII. *See* 42 U.S.C. § 2000e(b). Section 2000e(b) provides, in relevant part, as follows: "The term 'employer' means a person

engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any such agent of such a person, . . ." 42 U.S.C. § 2000e(b). In support of its argument, B.G. Lenders has adduced the following evidence: an affidavit from B.G. Lenders' sole member, Defendant Granger, stating that "[f]rom the time of its formation in 2003 until the present, B.G. Lenders Service has never employed 15 or more employees either directly or through Keena Staffing," and "[a]t no time during its existence has B.G. Lenders Service had 15 or more employees even for a single week, let alone for a twenty-week period in any calendar year," Dkt. No. 73-3 ¶¶ 8, 13; paragraphs ten through twelve of Defendant Granger's affidavit stating that "[i]n 2006 . . . B.G. Lenders Service had between two (2) and seven (7) employees," "[i]n 2007, B.G. Lenders had between three (3) and ten (10) employees," and "[i]n 2008 . . . B.G. Lenders Service had betwen six (6) and twelve (12) employees," *id.* ¶¶ 10-12; B.G. Lenders' weekly payroll records from December 26, 2005, through January 4, 2009, *see* Dkt. Nos. 73-4, 73-5, 73-6; additional payroll records which include information for pay periods in 2006 omitted from B.G. Lenders' original submission, *see* Dkt. No. 80-1 ¶¶ 3-6 & Exh. 1; and summary charts for the 2007 and 2008 data contained in B.G. Lenders' original submission, *see* Dkt. No. 80-1 ¶¶ 8-15 & Exhs. 2-3.

Plaintiff opposes this aspect of the motion for summary judgment on the grounds that she has raised genuine issues of material fact for trial. Plaintiff contends that the weekly payroll records submitted in support of Defendants' motion are incomplete, incomprehensible, internally inconsistent, and, therefore, unreliable. *See* Dkt. No. 78 ¶ 22; Dkt. No. 78-2 at 14. Plaintiff also contends that Defendants have not laid a sufficient foundation for these records and they are thus, inadmissible. *See* Dkt. No. 78 ¶ 22. Further, Plaintiff asserts that the payroll records reflect that B.G. Lenders employed at least eighteen different individuals during 2007 and nineteen different

individuals in 2008.  *See id.* ¶ 23.

Plaintiff has also adduced evidence that there were fifteen or sixteen employees working at B.G. Lenders during the time she was employed there, some of which were paid on the books and some of whom were paid "under the table" by Defendant Granger.  Dkt. Nos. 78-7, 78-8 ("Senecal Dep.") at 37-41, 46.  In addition, Plaintiff testified that Defendant Granger often fabricated his employee's time sheets.  *Id.* at 64-65, 68-69.

Resolving all ambiguities and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court finds that genuine issues of material fact preclude summary judgment on this issue.  *See Pride v. Summit Apartments*, No. 5:09-CV-0861, 2012 WL 2912937, *5-6 (N.D.N.Y. July 16, 2012).  Plaintiff has raised questions regarding the reliability and admissibility of Defendants' employment records.  Plaintiff has also adduced evidence from which a reasonable jury could infer that B.G. Lenders had employees during the relevant period who were "off the books" and would not appear in Defendants' payroll records.  Moreover, Plaintiff has testified based on her personal knowledge that B.G. Lenders employed fifteen or more employees during the relevant time period.  This is sufficient to raise a question of disputed fact.  Although mindful that it is by no means dispositive,[2] the Court also notes that the EEOC issued a determination on the merits which included a finding that "[r]espondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended."  Dkt. No. 78-6. The EEOC's investigation also "revealed that Brian Granger frequently changed employees' hours and  employees frequently disputed their pay."  *Id.*  In reaching its determination that there is

---

[2]  "District Courts have substantial discretion with respect to the weight to be accorded an EEOC determination."  *Miller v. Saint-Gobain Advanced Ceramics Corp.*, No. 02-CV-0052E, 2004 WL 941798, *3 n.8 (W.D.N.Y. Apr. 9, 2004) (citing *Wanamaker v. Columbian Rope Co.*, 907 F. Supp. 522, 538 n.24 (N.D.N.Y. 1995).

reasonable cause support Plaintiff's claims, the EEOC specifically addressed and rejected the

arguments raised by Defendants here. *See id.* For the foregoing reasons, this aspect of

Defendants' motion for summary judgment is denied.[3]

### *2. Individual Liability*

"[I]ndividuals are not subject to liability under Title VII." *Wrighten v. Glowski*, 232 F.3d

119, 120 (2d Cir. 2000) (citation omitted). Plaintiff has conceded this point and has withdrawn

her Title VII claims against Defendant Granger. *See* Dkt. No. 78 ¶ 30.

Accordingly, the Court grants Defendant Granger's motion for summary judgment on this

basis and the Title VII claims asserted against him are dismissed.

## C.    New York Human Rights Law (NYHRL) Claims

Defendants seek dismissal of Plaintiff's NYHRL claims on the grounds that the instant

action was commenced more than three years after the alleged violation occurred, and those

claims are, therefore, time-barred. In response, Plaintiff argues that her NYHRL claims are

timely because the statute of limitations for her NYHRL claims was tolled during the pendency of

her complaint filed with the EEOC.

In deciding this aspect of Defendants' motion, the Court is guided by the law-of-case

doctrine. The law-of-the-case doctrine "posits that if a court decides a rule of law, that decision

should continue to govern in subsequent stages of the same case." *Aramony v. United Way*, 254

F.3d 403, 410 (2d Cir. 2001) (quotation and citation omitted). The objective of the law-of-the-

case doctrine "include[s] promoting efficiency and avoiding endless litigation by allowing 'each

---

[3] Since the Court finds that genuine issues of material fact exist with respect to B.G.
Lenders' status as a covered employer under Title VII, the Court need not address Plaintiff's
arguments that B.G. Lenders and Defendant Keena should be treated as a "single employer" or
"joint employers" for the purposes of determining Title VII employee numerosity.

stage of the litigation [to] build on the last and not afford an opportunity to reargue every previous ruling.'" *In re Rezulin Liability Litigation*, 224 F.R.D. 346, 349-50 (S.D.N.Y. 2004) (quoting *Tri-Star Pictures, Inc. v. Leisure Time Prod., B.V.*, No. 88-9127, 1992 WL 296314, \*2 (S.D.N.Y. Oct. 6, 1992) (citation omitted)). Therefore, without good reason "a court will 'generally adhere to [its] own earlier decision on a given issue in the same litigation.'" *Id.* at 350 (quoting *Tri-Star Pictures, Inc.*, 1992 WL 296314, at \*2 (citation omitted)).

The Court has previously determined, in addressing Defendant Keena's motion for summary judgment, that Plaintiff's NYHRL claims were timely. *See* Dkt. No. 82 at 50-52 (holding that "the NYHRL's three-year statute of limitations was tolled during the time which her charge . . . was pending before the EEOC"). Thus, the Court need not revisit that issue here. For the reasons set forth in the Court's September 30, 2013, Memorandum-Decision and Order, Defendants' motion for summary judgment dismissing Plaintiff's NYHRL is denied.

## IV. CONCLUSION

After reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for summary judgment is **GRANTED in part** and **DENIED in part[4]**; and the Court further

**ORDERS** that Plaintiff's Title VII claims against Defendant Granger are **DISMISSED with prejudice**; and the Court further

**ORDERS** that the parties' counsel shall be available for a telephone conference on April 9, 2014 at 10:30 a.m. to discuss setting a trial date; and the Court further

---

[4] As a result of this Memorandum-Decision and Order, the claims remaining for trial are Plaintiff's Title VII claims against Defendants B.G. Lenders and Keena, and Plaintiff's NYHRL claims against Defendants B.G. Lenders, Granger, and Keena.

**ORDERS** that the Clerk of Court shall serve a copy of this Memorandum-Decision and

Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 31, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge